**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 19-cr-00535-CMA-GPG-18

UNITED STATES OF AMERICA,

    Plaintiff,

v.

18. MARGARITA JAQUELIN CRUZ-GOMEZ,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO SEVER (DOC. # 519)**

---

The matter is before the Court on Defendant Margarita Jaquelin Cruz-Gomez's ("Defendant Cruz") Motion to Sever (Doc. # 519). For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

In Count 1 of the Superseding Indictment in this case, the Government charges seventeen defendants with a drug conspiracy which ran from on or about January 1, 2019, through at least December 18, 2019. Additionally, Count Forty charges seven Defendants, including Defendant Cruz, with a money laundering conspiracy which ran from January 1, 2019 to at least September 4, 2020. The Government indicates that each of the charged parties in both conspiracies was part of the conspiracy and was interdependent in order to fulfill the goal of the conspiracy.

As part of the conspiracy to traffic methamphetamine as well as the conspiracy to launder drug proceeds, Omar Briceno-Quijano would have telephone communications

with other members of the two conspiracies to arrange the importation of drugs into the District of Colorado from Mexico for distribution. Additionally, Omar Briceno-Quijano would arrange for the proceeds of the drug sales to be collected and wire transferred back to Mexico. Many of the wire transfers were facilitated through Dinero Rapido, a business in Montrose, Colorado, where Defendant Cruz worked as the Money Laundering Compliance Officer.

As the Money Laundering Compliance Officer, Defendant Cruz had the overall responsibility for instituting and maintaining the company's anti-money laundering compliance program. As part of the money laundering conspiracy, numerous people and names were used to both send and receive electronic money transfers. Oftentimes the names were fictitious or forged. Defendant Cruz often allowed other co-conspirators, both charged and un-charged, to use fictitious or forged names to wire electronic funds both nationally and internationally.

As part of the drug conspiracy, Omar Briceno-Quijano would speak with other drug co-conspirators regarding drug transactions and then, on multiple occasions, would provide names to be used in order to receive the drug proceeds via electronic wire transfers as part of the money laundering conspiracy. At trial, the Government will present evidence that it was common practice for this drug trafficking organization to collect drug proceeds that would then be taken to Dinero Rapido to be electronically transferred to Mexico in order to facilitate both the drug conspiracy as well as the money laundering conspiracy. The two conspiracies were intermixed throughout the operation

of both conspiracies. There was interdependence amongst the co-conspirators as well as the charged conspiracies.

In her Motion to Sever, Defendant Cruz asserts that she is charged in only one count, Count 40, which is the conspiracy to commit money laundering count. She argues that the evidence against her is weak. However, she concedes that if the co-defendants of the alleged money laundering conspiracy testify, the prosecution may be able to meet its burden of showing that Ms. Cruz knew of the alleged money laundering conspiracy, that she knowingly participated in the alleged money laundering conspiracy, or that she derived a benefit from the proceeds from the alleged money laundering conspiracy. Ultimately, she argues that if the charges against her in Count 40 are tried with Counts 1-39, her case will be "lost in the weeds" and she will be prejudiced merely for being associated with the other defendants.

## II.   LAW

Joinder of defendants is governed by Fed. R. Crim. P. 8(b), which provides that "[t]he indictment or information may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense . . . ." The underlying rationale of Rule 8(b) is to "balance the judicial efficiency inherent in group trials with fairness to the individual defendant[], whose case would be prejudiced if it were presented alongside those of defendants whose unrelated crimes could incite the passion of the jury against him." *United States v. B & H Maint. & Const., Inc.*, No. 07-cr-00090, 2008 WL 762246, at *3 (D. Colo. Mar. 19, 2008) (internal quotation marks and citation omitted). The general

rule in this Circuit is to try together defendants who are jointly indicted. *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Such trials play a vital role in the criminal justice system. *Id.* Particularly "in a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Pursley*, 474 F.3d 757, 767 (10th Cir. 2007). "Where the evidence overlaps, the offenses are similar and the operable events occurred within a relatively short span of time, joinder of defendants and offenses is proper." *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987). Questions of misjoinder under Rule 8(b) are questions of law, *United States v. Williams*, 809 F.2d 1072, 1085–86 (5th Cir. 1987), and in this Circuit, defendants charged jointly under Rule 8 "are not entitled to separate trials as a matter of right." *Bailey v. United States*, 410 F.2d 1209, 1213 (10th Cir. 1969).

Fed. R. Crim. P. 14(a) nonetheless provides for the severance of defendants in certain circumstances. Rule 14(a) states, in pertinent part, that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Generally, to show joinder will prejudice her, a defendant must establish that there is "a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Such a risk is not established by merely alleging that a separate trial would offer a better chance of acquittal or by complaining of the

"spillover effect" from the evidence used against the co-defendants. *See United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005).

When ruling on a motion to sever, the Court "must weigh the prejudice caused by the joinder against considerations of economy and expedition in judicial administration." *Rinke*, 778 F.2d at 590. The decision of whether to sever is a matter within the Court's sound discretion. *See United States v. Rogers*, 652 F.2d 972, 976 (10th Cir. 1981).

### III.     ANALYSIS

In this case, Defendant Cruz asserts that the Government's evidence against her is weak and that trying her together with the other co-defendants will prejudice her because a jury would be unable to sufficiently separate the evidence against her from the conspiracy evidence that would be presented against the other defendants involved in the drug conspiracy.

The Government argues that both the counts and the Defendants are properly joined in the Indictment because this case involves a large-scale drug distribution organization and money laundering organization. The Government's theory of the case is that each of the named participants, including Defendant Cruz, operated in one or more phases of the operation, facilitating essential steps in the overall process. Defendant Cruz, as the Money Laundering Compliance Officer for Dinero Rapido, would receive drug proceeds and transfer them electronically in order to facilitate both the drug conspiracy and the money laundering conspiracy. The Government indicates that Defendant Cruz was both familiar with and knew Omar Briceno-Quijano was a drug dealer and that she was present and working at Dinero Rapido when Omar Briceno-

Quijano would make multiple money transfers using fictious or forged names as part of the money laundering conspiracy which facilitated the drug conspiracy. In short, the Government argues that Defendant Cruz played a necessary role in the money laundering conspiracy, which was critical to the operation of the drug conspiracy. As such, evidence of the drug conspiracy is necessary evidence which must be presented at trial of both Defendant Cruz, as well as every other Defendant charged in the Superseding Indictment.

The Court finds that Defendant Cruz's vague references to the weakness of the Government's case against her and her speculation that statements from co-defendants that the Government might use to prove her alleged involvement would violate her Sixth Amendment rights are conclusory and fail to adequately show prejudice justifying severance of her case from that of her co-defendants. *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) ("In as much as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case"); *United States v. Dickey*, 736 F.2d 571, 590 (10th Cir. 1984) (mere speculation is insufficient to establish prejudice).

The fact that Defendant Cruz is charged in only one conspiracy count and may not be connected to or familiar with some of the other defendants or their criminal activity does not automatically support severing her case. *See Rinke*, 778 F.2d at 589 (affirming a district court's denial of a motion to sever even considering the great disparity in the weight of the evidence against co-defendants and the variations in the charges). To meet the heavy burden of demonstrating prejudice to her case, she must

demonstrate actual prejudice and not merely a negative spill-over effect from damaging evidence presented against codefendants. *United States v. Cardall*, 885 F.2d 656, 667–68 (10th Cir. 1989). Nor is it sufficient to show that one defendant is less culpable than the remaining codefendants. *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993). Prejudice is not shown by "a hypothesis of prejudice." *Id*.

Defendant Cruz alleges no specific facts that undercut the Court's confidence in the jury's ability to compartmentalize the evidence against the Defendants in this case. Accordingly, the Court finds Defendant Cruz's showing of prejudice is insufficient to support a severance at this juncture. Any risk of prejudice relating to the jury's ability to determine guilt or innocence can be cured through "less drastic measures, such as limiting instructions." *Zafiro*, 506 U.S. at 539; *see also Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (observing that "juries are presumed to follow their instructions").

Moreover, this case has been on the Court's docket for over two years, and absent a strong showing of prejudice, the Court finds that its need to promote efficiency and "serve the interests of justice" are best accomplished by a joint trial. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Cruz's Motion to Sever (Doc. # 519) is DENIED.

DATED: September 30, 2021

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge